Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
910 Main St. Suite 358C
Boise, ID 83702
P: 314-322-7639
F: 208-429-8233
Email: barkley@barkleysmithlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| FERNANDO CALIXTO, | Case No. 16-cv-539 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| GENESIS CREDIT MANAGMENT, LLC | |
| Defendant. | |
| | DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff Fernando Calixto, by and through his counsel of record, Barkley B. Smith of Barkley Smith Law, PLLC and allege his causes of action against Defendant as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC § 1692 *et. Seq.* ("FDCPA"), which prohibits

**Complaint - 1 of 5**

debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 USC § 1692k (d) because the illicit collection activity was directed at Plaintiff in Canyon County, Idaho and venue is appropriate for the same reason.

## PARTIES

4. Plaintiff is a natural person currently residing in Canyon County, Idaho.

5. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

6. The debt Mr. Calixto owes arises out of a personal, family, or household transaction(s).

7. Specifically, Mr. Calixto specifically believes the debt is related to an apartment he rented.

8. Genesis Credit Management, LLC is an Washington corporation in the business of collecting debts, with its corporate address as P.O. Box 1550, Sunnyside, WA 98944 and has a designated registered agent: Corporation Service Company, 12550 W. Explorer Dr. STE 100, Boise, ID 83713.

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## GENERAL ALLEGATIONS

10. Defendant's collection activity of which Plaintiff complains occurred within the

previous twelve (12) months.

11. Defendant attempted to contact Mr. Calixto during August of 2016.

12. Mr. Calixto contacted Defendant on or about August 24, 2016 to get information regarding the debt Defendant was attempting to collect.

13. After Mr. Calixto asked for a breakdown of the balance allegedly owed, he notified the defendant he did dispute the amount.

14. Specifically, Mr. Calixto said he disputed the amount alleged because he believed the amount was incorrect and inflated.

15. The debt in question is related to an apartment Mr. Calixto rented.

16. He did not agree with and disputed several charges associated with his moving out of the apartment and effectively notified defendant he disputed the principle as stated because of that reason.

17. Despite directly notifying Defendant he disputed the amount of the debt, however instead of simply ending the phone call, told Mr. Calixto that his dispute was "invalid" and continued collection attempts. Defendant informed Mr. Calixto that after reviewing the debt herself, she could tell it was valid and therefore his right to dispute was "invalid". Defendant specifically told Mr. Calixto his dispute "had no leg to stand on".

18. Defendant repeatedly denied Mr. Calixto's right to dispute the debt in question directly violating his rights under 15 U.S.C. 1692g(a)(3). Defendant also violated Mr. Calixto's dispute rights under 15 U.S.C. 1692g(a)(4)&(5) by telling him dispute was invalid when in fact Mr. Calixto could request validation within a 30 day period of being notified of the debt.

19. Further Defendant notified Mr. Calixto that she "intended to conduct an asset an

asset investigation" against him. She state the purpose of conducting the asset investigation was so she could "look for an asset, attach the balance to it and proceed against him to collect it."

20. Defendant or Defendant's lawyers could not possibly find an asset and simply attach the balance without a judgment. Therefore this statement violates 15 U.S.C. 1692g(a)(5) as it is a "threat to an(y) action that cannot legally be taken...".

21. Mr. Calixto was left with the impression that Defendant could simply take his property without him having an opportunity to dispute the charges in court. This illegal threat left Plaintiff with a feeling of anxiety and worry. The intent of this threat was to make Mr. Calixto feel as if attachment of the balance to one of his assets without possible litigation was imminent.

## COUNT I: VIOLATION OF THE FDCPA

22. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

23. Defendant had actual knowledge that Mr. Calixto did in fact dispute the debt in question.

24. Instead of ending the phone call or choosing a separate course of action, Defendant told Mr. Calixto his dispute was invalid when it was not.

25. Defendant's conduct directly violated Mr. Calixto's dispute rights under 15 U.S.C. §1692g(a)(3), (4) & (5) by stating his dispute was invalid.

## COUNT II: VIOLATION OF FDCPA

26. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

27. Defendant threatened Mr. Calixto that she intended to conduct an asset investigation and directly attach the balance to an asset.

**Complaint - 4 of 5**

28.     Defendant could not legally attach the balance of the debt Defendant is attempting to collect to an asset of Mr. Calixto's without a obtaining a Judgment in State Court first. Defendant's statement is a threat to take an action that cannot legally be taken in direct violation of 15 U.S.C. 1692e(5).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

A.  Judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C.  Release of the alleged debt;

D.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

E.  Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

Respectfully submitted by,

/s/ Barkley B. Smith
BARKLEY B. SMITH
Barkley Smith Law, PLLC

**Complaint - 5 of 5**